UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

LEVI THOMPSON, :
    Petitioner, :
     :
v. : No. 2:18-cv-1010
     :
MICHAEL D. OVERMYER, :
*SUPERINTENDENT*;  THE ATTORNEY :
GENERAL OF THE STATE OF :
PENNSYLVANIA; and THE DISTRICT :
ATTORNEY OF THE COUNTY OF :
PHILADELPHIA; :
    Respondents. :

---

**O P I N I O N**
Objection, ECF No. 49 – Overruled

Joseph F. Leeson, Jr.                                                                     November 17, 2025
**United States District Judge**

### I. BACKGROUND

On September 24, 2025, this Court issued an Order adopting the Report and Recommendation ("R&R") issued by Magistrate Judge Carol Sandra Moore Wells on August 11, 2025.  *See* R&R, ECF No. 45; Order, ECF No. 47.  The R&R, which is incorporated herein, discussed the procedural history of the case and explained that Thompson's ineffectiveness claims were unexhausted in state court.  In adopting the R&R, this Court found that Thompson's filing on September 9, 2025, was not an objection to the R&R; instead, it was a status update filed in response to the Magistrate Judge's June 2024 Order directing him to file a report every ninety (90) days updating the Court on the status of his Post Conviction Relief Act ("PCRA") proceedings.  *See* Order (citing ECF Nos. 35, 46).  Thompson, asserting his September 9, 2025

filing was an objection to the R&R, has filed an objection to this Court's Order. *See* Obj., ECF No. 49. For the reasons set forth below, the objection is overruled.

II.     **STANDARDS OF REVIEW**

    A.     **Motion for Reconsideration – Review of Applicable Law**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration "is not properly founded on a request that the Court rethink what [it] had already thought through—rightly or wrongly." *Pollock v. Energy Corp. of Am.,* 665 F. App'x 212, 218 (3d Cir. 2016) (internal quotations omitted). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Cont'l Casualty Co. v. Diversified Indus.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

    B.     **Report and Recommendation - Review of Applicable Law**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 152 (1985). Nevertheless, the United States Court of Appeals for the Third Circuit has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987), *writ denied* 484 U.S. 837 (1987). "When no objections are filed, the

district court need only review the record for plain error or manifest injustice." *Harper v. Sullivan*, No. 89-4272, 1991 U.S. Dist. LEXIS 2168, at *2 n.3 (E.D. Pa. Feb. 22, 1991). *See also Hill v. Barnacle*, No. 15-3815, 2016 U.S. App. LEXIS 12370, at *16-17 (3d Cir. 2016) (holding that even when objections are filed, district courts "are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)"); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (explaining that in the absence of a timely objection, the court should review the magistrate judge's report and recommendation for clear error).

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. *See Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016).

The district "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

### III.   ANALYSIS

Thompson's pending objection is essentially a request for reconsideration of the September 24, 2025 Order adopting the R&R. After another review of his September 9, 2025 filing, this Court again concludes it was not an objection to the R&R. The first sentence of that

filing states: "Hereby Immediately Response to Order in which of Status update of Pending PCRA actions and Timely Appeals that must be filed every 60 days. . ." [sic]. ECF No. 46. The filing contained two numbered paragraphs, the first referenced Thompson's two criminal cases being dismissed for failure to file briefs and the second stated Thompson was "trying to get [his] Appeal Rights to file a brief on the two cases that was dismissed" [sic]. *See id.* Nothing in this filing conflicts with the R&R, nor makes any mention of the R&R. *See id.* Accordingly, this Court's conclusion that the filing was not an objection to the R&R, but was, instead, filed in response to the Order for status updates was not clear error warranting reconsideration.

Moreover, even if reconsideration is granted and the filing is construed as an objection to the R&R,[1] the outcome is the same. Applying de novo review, this Court again adopts the R&R. The Magistrate Judge correctly concluded that Thompson's habeas claims are unexhausted and there is no basis to continue staying the above-captioned action, which was filed more than seven (7) years ago, to allow him to exhaust.

Thompson's objections are overruled.

IV. **CONCLUSION**

For the reasons set forth above, Thompson's objections to the R&R and to this Court's Order adopting the same are overruled. The Order adopting the R&R, dismissing the habeas petition, denying a certificate of appealability, and closing the case remains in effect.

A separate order will be issued.

                                                                    BY THE COURT:

                                                                    */s/ Joseph F. Leeson, Jr.*
                                                                    JOSEPH F. LEESON, JR.
                                                                    United States District Judge

---

[1] Thompson's pending objection does not challenge the R&R; rather, it objects only to this Court's conclusion that the September 9, 2025 filing was not an objection.